UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. MARGARET McGUINN, ) ) ) ) | |
| Plaintiff-Relator, ) ) | Case No. 2:20-cv-00031 KG-KRS |
| v. ) ) | |
| THE J.L. GRAY COMPANY; LOGAN ESTATES 2017, LLLP; PARKSIDE MANOR LIMITED PARTNERSHIP; AND JLG PROPERTIES LLC, ) ) ) ) | |
| Defendants. | |

**PROTOCOL FOR PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff-Relator Margaret McGuinn and Defendants the J.L. Gray Company, Logan Estates 2017, LLLP, Parkside Manor Limited Partnership, and JLG Properties LLC (collectively, "the Parties" and each a "Party"), by their respective counsel in the above-captioned action, stipulate and agree that the following Protocol for Production of Electronically Stored Information (the "ESI Protocol") shall govern the production of documents and ESI in this matter.

A.   **MANNER OF PRODUCTION**

1.   One legible copy of each document requested is to be produced. Any copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether because of handwritten or other notation or any addition or omission, shall constitute a separate document and must be produced. When processing all electronic documents for metadata and images, the software will be set to remove duplicate documents. If it is impossible to produce a fully legible copy, the best copy available will be produced with a

certification that no fully legible copy is available. The Parties reserve the right to inspect the original of any document produced upon reasonable request.

2. In producing the documents, all documents that are physically attached to each other shall be considered one document and left so attached. In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized). In the case of an organized compilation of separate documents – for example, a binder containing several separate documents behind numbered tabs – the document behind each tab should be scanned separately, but the relationship among the documents in the compilation should be reflected in the proper coding of the beginning and ending document and attachment fields. The Parties will make their best efforts to unitize the documents correctly.

3. ESI includes any information contained as or in, or related to, electronic messages in any digital or electronic format, including emails; text messages; social media posts (e.g., Facebook posts, Twitter posts or "tweets," Instagram posts, LinkedIn posts, Tumblr posts); other posts on websites or Internet forums; instant messages ("IM"); web pages; text messages; documents created in the Microsoft Office suite or other software packages (e.g., WordPerfect, Google documents); spreadsheets and underlying formulae; databases; erased, fragmented, or damaged data; and anything stored on a computer or other electronic means located on or in, but not limited to, cache memory. The Parties must identify and search for ESI on all hardware and software under their control, including any computer; electronic database; server; operational system including accounting, financial, distribution, or manufacturing systems; email server or system; Internet-based/cloud storage system; electronic device including mobile telephones or devices; and digital or recorded media of any kind (including CDs, DVDs, diskettes, internal or external hard drives, magnetic disks, magnetic tapes, back-up tapes, magneto-optical media, and flash/jump/USB drives). All ESI is to be produced electronically as specified below:

      a.      Paper and electronic documents shall be produced in Tagged Image File Format ("TIFF" or "TIF") files. Each image should have a unique file name, which is the Bates number of the page. TIFF files shall be produced in single-page LZW or Group IV format, with a minimum resolution of 300 DPI (except that any native file that is in the form of a TIFF image need not be scanned or re-processed simply to achieve such minimum resolution when produced). When scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records.

      b.      Each page of a produced ESI document will contain a legible Bates number that: (1) is unique across the document production; (2) has a constant length (0-padded) across the production; and (3) is sequential within a given document.

      c.      If a Bates number or set of Bates numbers is skipped in a production, the producing Party will notify the requesting Party in a cover letter to the production that the production contains skipped Bates numbers. The Bates number shall be placed on the page image in a manner that does not conceal or interfere with any information contained on the page. No other stamp or information will be placed on a document other than the Bates number and any redactions.

      d.      After initial production in TIFF format, the requesting Party reserves the right to request in writing that the producing Party produce specific documents in their native format.

      e.      Any databases, spreadsheets, and media files (e.g., audio recordings, videos) shall be produced in native format with a placeholder TIFF file. The Bates number requirements specified above shall not apply to files produced in native electronic format. Any file produced in its native format is to be named with its corresponding Bates number and extension. To the extent a database cannot be produced in a usable format, it should be converted

to a Microsoft Excel-compatible spreadsheet or a file format that can be uploaded into Microsoft Access. The load file (discussed further below) shall contain a link to any native file produced.

      f.      For any data saved in a proprietary or non-standard electronic format, the producing Party must also identify and/or provide the computer program necessary to read and access such information.

      g.      Each production shall consist of three load files: an image load file, a metadata load file, and an Optical Character Recognition ("OCR") control list file.

      i.      The image load file shall provide image and document break information for the TIFF files produced that correspond to the beginning Bates numbers contained in the metadata load file. Every TIFF file in each production must be referenced in the corresponding image load file. The total number of TIFF files referenced in the image load file should match the number of TIFF files in the production. The formatting requirements for the load files are contained in Appendix A.

      ii.      Metadata should be extracted and produced as a metadata load file during the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed, and/or modified to TIFF. To the extent they are available in collected data, the metadata values are to be extracted and produced in the metadata load files provided in Appendix B. In addition to any metadata collected and produced, the metadata load file for each production shall provide the Bates numbers and the Bates number attachment range for emails or other documents containing attachments.

      iii.      See instructions in Appendix B for producing the OCR control list.

      h.      Data that is not collected from an individual's hard drive or network share and is not reasonably identifiable as to its source will be designated as "[Name of Party] Documents" in a coding field, as they cannot be related to an individual custodian or source.

Metadata may be withheld for redacted documents only in situations where the metadata could reveal the text that was redacted.

  i.  All searchable text including extracted text and OCR is to be provided as multi-page searchable text (".TXT") files. Searchable text may exclude redacted material.

  j.  For documents that do not contain redactions, produce an extracted text file for each electronic document and an OCR text file for each imaged paper document. For documents that contain redactions, provide an OCR text file made from the redacted images.

  k.  To the extent a Party redacts any document, such redaction shall be clearly marked on the TIFF image of the document.

**B. THIRD-PARTY ESI**

  1.  A Party that issues a non-party subpoena (the "Issuing Party") shall include a copy of this ESI Protocol with the subpoena and state that the Parties to the litigation have requested that third parties produce documents in accordance with the specifications set forth herein.

  2.  The Issuing Party is responsible for producing any documents obtained under a subpoena to all other Parties.

  3.  If the Issuing Party receives any hard-copy documents or native files, the Issuing Party will process the documents in accordance with the provisions of this ESI Protocol, and then produce the processed documents to all other Parties.

  4.  However, any documents the Issuing Party does not intend to process for its own use may be disseminated to all other Parties in the format in which such documents are received by the Issuing Party. If the Issuing Party subsequently processes any such documents, the Issuing Party will produce those processed documents to all other Parties.

5. If the non-party production is not Bates-stamped, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to all other Parties.

**C. OTHER**

1. Nothing in this ESI Protocol should require ESI and other tangible or hard copy documents that are not text-searchable to be made text-searchable. Nevertheless, counsel for the Parties are encouraged to discuss cost sharing for OCR or other upgrades of paper documents or non-text-searchable electronic images that may be contemplated by each Party. If a producing Party creates OCR of paper documents or non-text-searchable electronic images it produces for its own use, that producing Party should provide OCR to the other Party.

2. Nothing in this ESI Protocol shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.

3. Nothing in this ESI Protocol is intended or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties or third parties to object to a subpoena.

4. Counsel executing this ESI Protocol warrant and represent that they are authorized to do so on behalf of themselves and their respective clients.

5. After this ESI Protocol has been signed by counsel for all Parties, it shall be presented to the Court for entry. The Parties agree to be bound by this ESI Protocol pending its approval and entry by order of the Court.

6. In the event that this ESI Protocol is modified by order of the Court, or in the event that the Court subsequently enters a different order regarding ESI protocol in this matter, the Parties agree to be bound by this ESI Protocol until such time as the Court may enter such a

modified or different order. It is the Parties' intent to be bound by the terms of this ESI Protocol pending its entry so as to immediately allow production of ESI under the terms herein.

7. This ESI Protocol may be executed in counterparts.

 

_____
Kevin R. Sweazea
U.S. Magistrate Judge

| | |
|---|---|
| **WE SO MOVE**<br>**and agree to abide by the terms of this Order** | **WE SO MOVE**<br>**and agree to abide by the terms of this Order** |

*/s/Michael Allen*
Michael Allen*
Kali Schellenberg*
Reed N. Colfax, Bar No. 9302
RELMAN COLFAX, PLLC
1225 19TH Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 728-0848
Fax: (202) 728-0848
mallen@relmanlaw.com
kschellenberg@relmanlaw.com
rcolfax@relmanlaw.com
*Admitted *pro hac vice*

Robert K. Collins
New Mexico Fed. Bar No. 20-176
COLLINS LAW OFFICE, LLC
P.O. Box 4786
Olathe, Kansas 66063
Ph: (913) 538-7472
robert.collinslegal@gmail.com

*Attorneys for Plaintiff-Relator*

*/s/ Theresa W. Parrish*
Theresa W. Parrish
RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
P.O. Box 1888
Albuquerque, New Mexico 87103
Telephone: (505) 768-7202
Email: TParrish@rodey.com

*Attorney for Defendants*

United States ex. rel. Margaret McGuinn v. J.L Gray Company, Inc., et al.
Case No. 2:20-cv-00031-KG-KRS (D.N.M.)

**Appendix A: Metadata Values To Be Provided With Production**

Metadata from Email:
- Email Subject
- Email Author
- Email Recipient
- Email CC
- Email BCC
- Email Received Date (format: MM/DD/YYYY)
- Email Received Time (format: hh:mm:ss)
- Email Sent Date (format: MM/DD/YYYY)
- Email Sent Time (format: hh:mm:ss)
- Time Zone
- Parent ID
- Attach ID
- Beginning Attachment
- End Attachment

Metadata from Electronic Files:
- File Name
- File Author
- File Created Date (format: MM/DD/YYYY)
- File Create Time (format: hh:mm:ss)
- File Modified Date (format: MM/DD/YYYY)
- File Modified Time (hh:mm:ss)
- File Extension
- Native File Link (where files are being produced in native form)

Metadata for both Email and Electronic Files:
- Custodian/Source (including custodian/source of duplicates)
- Confidentiality Designation
- Production Number Begin
- Production Number End
- MD5 or SHA Hash (if generated when processed)

Metadata for E-Discovery with Attachments:
- Production Number Begin
- Production Number End
- Production Attachment Range Number Begin
- Production Attachment Range Number End

United States ex. rel. Margaret McGuinn v. J.L Gray Company, Inc., et al.
Case No. 2:20-cv-00031-KG-KRS (D.N.M.)

## Appendix B: Formatting Guidelines for ESI Load Files

<u>Image Formats</u>:
- Single Page TIFF files named using the BATES NUMBER
- 300 DPI and LZW or CCIT Group IV Compression

<u>OCR/Extracted Text</u>:
- Single Page OCR text (ANSI) files named same as TIFF images
- Should be produced as separate text files, not as fields within the .DAT file
- A Control List file should be provided with reference to the Bates number and path to the TEXT file (OCR Control List). It shall have the following structure:
    - The first field (in the example below, a Bates number) identifies the record that requires the OCR text.
    - The second field is the path to the OCR text file.
        - 0010042,J:\OCR\001042.txt
        - 0010046,J:\OCR\001046.txt

<u>Additional Production Guidelines</u>:
- No directory and/or folder containing files should contain more than 1000 files.
- All productions should be organized by custodian unless otherwise instructed or agreed upon by counsel. The Parties reserve the right to meet and confer before production. Other formats may make more sense depending on the types of documents produced. For example, chronological production may make more sense.
- All document family groups, i.e. email attachments, embedded files, etc., should be produced together with the child document(s), which should follow parent files sequentially in the Bates numbering or be otherwise labeled using metadata.
- All load files should follow a standard naming convention across all media (OPT, DAT, LOG).
- All load-ready collections should include only one data load file and one image pointer file.