## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, ex rel.
MARGARET MCGUINN,

       Plaintiff,

v.                                                           No. 2:20-cv-31 KG/KRS

THE J.L. GRAY COMPANY, et al.,

       Defendants.

### <u>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (DOC. 60)</u>

THIS MATTER is before the Court on Plaintiff's Motion to Compel, filed February 2, 2022. (Doc. 60). Defendants filed a response to the Motion to Compel on February 21, 2022, and Plaintiff filed a reply on March 4, 2022. (Docs. 63 and 64). Having reviewed the parties' briefing on the motions, the record of the case, and relevant law, the Court will grant the Motion to Compel, as set forth below.

### I.    <u>Background</u>

Plaintiff alleges that Defendants, who are the owners, managers, or developers of buildings in New Mexico, Colorado, Texas, Utah, and Arizona, made false claims in order to secure funding from the U.S. Department of Agriculture Rural Development program ("USDA/RD"). (Doc. 60) at 2. Specifically, Plaintiff claims that Defendants violated the False Claims Act by falsely certifying that they were in compliance with Section 504 of the Rehabilitation Act, the Fair Housing Act, and the Americans with Disabilities Act, in order to receive USDA/RD funding for the construction of apartment buildings and for rental subsidies. *Id.* at 2-4.

Plaintiff states that she sought discovery from both the USDA and Defendants in order "to maximize efficiency and ease the relative discovery burden on the Parties." *Id.* at 5.  On July 20, 2021, she served a request to the USDA pursuant to 7 C.F.R. § 1.215, which was later converted to a Freedom of Information Act ("FOIA") request.  Two months later, on September 21, 2021, Plaintiff served her First Set of Requests for Production and Interrogatories on Defendants, seeking several categories of documents, including those that Plaintiff had asked for in her FOIA request.  *Id.*  On October 25, 2021, the parties met to discuss Plaintiff's discovery requests and agreed that the portions of the discovery requests that overlapped with the FOIA request would be deferred pending the USDA's response, and that Defendants would respond to the remaining discovery requests and interrogatories by November 24, 2021.  *Id.* at 6.  On November 24, 2021, Defendants provided only written responses to Plaintiff, which Plaintiff contends were deficient.  *Id.*  The parties met again on December 7, 2021, and made two agreements: (1) that within one week Defendants would produce documents responsive to RFP Nos. 13, 17-20, and 22-23, respond to Interrogatories 2-4 and 9, and address errors with Defendants' responses to the interrogatories; and (2) that by January 10, 2022, Defendants would produce documents responsive to RFP Nos. 8 and 10, and respond to Interrogatories 1, 5, 7-8, and 10-11, limited to a subset of thirty-five developments (out of the seventy developments owned, managed, or developed by Defendants), and to a timeframe from January 2010 to September 2021.  *Id.* at 7, 10.

In her Motion to Compel, Plaintiff states that as of the date the motion was filed, Defendants have completely failed to produce any documents and failed to provide complete responses to the interrogatories.  *Id.* at 7, 10-11.  Plaintiff asks the Court to compel Defendants to produce documents in response to Requests for Production ("RFP") Nos. 8, 10, 13, 17-20 and

22-23, and to fully respond to Interrogatories 1-5 and 7-11. *Id.* at 9-10. Additionally, Plaintiff contends that Defendants have improperly invoked Rule 33(d) as an alternative to answering the interrogatories and have failed to provide a signature by the party answering the interrogatories, and that Defendants' General Objections (other than General Objections 1 and 2) are impermissibly general and should be deemed waived. *Id.* at 11-14.

In response, Defendants state that information about Plaintiff's FOIA request served on the USDA had been withheld from Defendants, which "impeded Defendants' counsel's ongoing ability to reliably assess the scope and timing of review and production from which the responsive information for the interrogatories and requests for production can be found." (Doc. 63) at 1-2. Defendants note that the USDA has determined that there are 523,625 pages of documents responsive to Plaintiff's FOIA request and that production of those pages will take over 300 days at a cost to Plaintiff of over $200,000. *Id.* at 2; (Doc. 60) at 7, n.5; (Doc. 63-2). Defendants state that they would not have agreed to the production schedule and scope if they had been included in communications regarding Plaintiff's FOIA request to the USDA. (Doc. 63) at 2 ("Plaintiff's counsel's complete exclusion of Defendants' counsel from communications regarding the response to the July subpoena to USDA for substantially the same documents led to these now-obviously ill-advised agreements as to timing and scope.").

Nevertheless, Defendants state that by March 14, 2022, they will supplement their discovery responses, provide verification of the interrogatory responses, provide a rolling production timeline, and begin providing documents. *Id.* at 3. Defendants state that the production will be subject to General Objections 1 and 2, which limit Defendants' production to a ten-year timeframe from January 1, 2010 forward, and to thirty-five developments. *Id.*

Defendants argue that their remaining General Objections should remain for now and that they will clarify their applicability to discovery responses as needed.  *Id.* at 4-5.

In reply, Plaintiff argues that the USDA's estimates regarding producing its own documents are not relevant to Defendants' production of their records, and disputes that the USDA's estimate is an accurate representation of the actual number of responsive documents. (Doc. 64) at 1-2.  Plaintiff also states that she was upfront with Defendants' counsel about the FOIA request.  *Id.* at 2.  Plaintiff reiterates that she is seeking production of documents and interrogatory responses subject to General Objections 1 and 2, and that Defendants' remaining objections should be deemed waived because they are impermissibly general.  *Id.* at 2-3.

## II.    <u>Legal Standard</u>

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges.").  Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses.  *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

Parties may propound interrogatories and requests for production pursuant to Federal Rules of Civil Procedure 33 and 34, provided that such requests are within the scope of Rule 26(b). *See* Fed. R. Civ. P. 33(a); Fed. R. Civ. P. 34(a). Where one party improperly fails to respond to another party's discovery requests, the requesting party may move to compel disclosure and for appropriate sanctions. Fed. R. Civ. P. 37(a)(3)(A). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

**III.   Discussion**

Plaintiff seeks complete responses to RFP Nos. 8, 10, 13, 17-20 and 22-23, and Interrogatories 1-5 and 7-11. (Doc. 60) at 9-10. These discovery requests were served on Defendants on September 21, 2021, and Defendants' responses and objections were due thirty days later. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2). Plaintiff agreed to multiple extensions of this deadline, and on November 24, 2021, Defendants provided written responses to the requests but failed to produce any documents. *See* (Doc. 60) at 2, 7; (Doc. 60-2). Defendants contend that they were "impeded" in providing timely discovery responses because of Plaintiff's FOIA request served on the USDA. (Doc. 63) at 1-2.

Defendants fail to explain how Plaintiff's FOIA request, served on a third party, prevented Defendants from producing responsive documents and responding to interrogatories

regarding their own businesses.  While Defendants state they would not have agreed to the

timing and scope of production if they had known more about Plaintiff's FOIA request,

Defendants acknowledge they knew about Plaintiff's FOIA request one week after it was served

on the USDA, and Plaintiff provided Defendants correspondence between Plaintiff and the

USDA within four days of receiving Defendant's request for it.  *Id.* at 1; (Doc. 64) at 2.  Indeed,

while Defendants assert they would not have agreed to the timing and scope of production if they

had known about the USDA's December 16, 2021 response to Plaintiff's FOIA request,

Defendants agreed to the scope and timing of production in October and November 2021, before

the response was sent.  *See* (Doc. 64) at 5-6.  Moreover, Plaintiff explains that the USDA's

estimate of the cost and extent of production is irrelevant to Defendants' production because the

USDA keeps paper files in various locations across the country, so "these estimates are entirely

idiosyncratic to the USDA."  (Doc. 64) at 2.  The Court agrees and finds that Plaintiff's FOIA

request to the USDA does not excuse Defendants' delay in complying with their discovery

obligations.

Despite their explanation as to why they have not fully responded to Plaintiff's discovery

requests, Defendants state in response to the Motion to Compel that by March 14, 2022, they will

supplement their discovery responses, provide verification of the interrogatory responses,

provide a rolling production timeline, and begin providing documents subject to General

Objections 1 and 2.  (Doc. 63) at 3; (Doc. 60-2) at 3-4 (General Objection 1, limiting the

timeframe for discovery to January 1, 2010 through January 10, 2020, and General Objection 2,

limiting the scope of discovery to thirty-five developments).[1]  Plaintiff does not oppose Defendants' proposal to produce documents and interrogatory responses subject to General Objections 1 and 2.  *See* (Doc. 64) at 2 (stating "the Parties have not reached an impasse regarding Defendants' General Objections 1 or 2" and "Plaintiff has agreed to allow production to begin on a more limited set of documents").  Accordingly, the issues remaining before the Court are whether Defendants' General Objections 3-11 are impermissibly vague, and whether Defendants have improperly invoked Rule 33(d) as an alternative to answering several interrogatories.

### A.  General Objections

Federal Rule of Civil Procedure 33 provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  Where the responding party objects, the grounds for such objection "must be stated with specificity" and objections that are not timely made are waived.  Fed. R. Civ. P. 33(b)(4).  Similarly, Rule 34 provides that a proper response to a request for production of documents "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  In doing so, the party must also "state whether any responsive materials are being withheld" on the basis of the objection.  Fed. R. Civ. P. 34(b)(2)(C).

---

[1] The Court's docket reflects that on March 14, 2022, Defendants filed a Certificate of Service stating they served Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories and Requests for Production on that date.  (Doc. 66). The parties have not notified the Court as to whether this production resolved any of the issues raised in Plaintiff's Motion to Compel.

Plaintiff challenges Defendants' General Objections 3-11 as being impermissibly vague. Plaintiff is correct that Defendants' General Objections are impermissible under Rules 33 and 34 and that Defendants' reference to their general objections in response to discovery requests is improper because it fails to set forth the specific grounds on which they are objecting. *See Heuskin v. D&E Transp., LLC*, 2020 WL 1450575, at *2 (D.N.M.) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."); *King v. Gilbreath*, 2015 WL 12866984, at *1 (D.N.M.) (explaining that "the use of general, reserved objections is disfavored" because Rules 33 and 34 "require that the grounds for objecting to an interrogatory or request for production be particularized to that request") (citations omitted); *Matter of Caswell Silver Family Tr. Created Under the Terms of the Caswell Silver Revocable Tr. U/A Dated Nov. 21, 1985*, 2012 WL 13013063, at *3 (D.N.M.) ("'[G]eneral objections' are not contemplated by the Rules and, therefore, are null."). Instead, a proper objection is one that is tailored to the individual discovery request, not a conclusory objection such as "vague," "ambiguous," "overly broad" or "unduly burdensome" which neglects to say why the discovery request is subject to that objection.

Based on the foregoing, the Court grants Plaintiff's motion as to her contention that Defendants' General Objections 3-11 are improper and finds that those objections have been waived because they were not properly raised in response to the discovery requests. Defendants shall provide supplemental responses to each interrogatory and RFP providing any information or documents that were withheld on the basis of General Objections 3-11.

### B. Federal Rule of Civil Procedure 33(d)

Plaintiff also objects to Defendants' reliance on Rule 33(d) as an alternative response to providing answers to Interrogatories 1-4 and 7-11. (Doc. 60) at 11. Rule 33(d) states:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d).  In response to Interrogatories 2, 3, 4, and 9, Defendants directed Plaintiff to documents that they had not produced, and in response to Interrogatories 1, 7-8, and 10-11, Defendants directed Plaintiff to a hypothetical, prospective document production by the USDA. *See* (Doc. 60-2) at 20-25.  These responses are deficient because Defendants failed to produce the documents with the responsive information.  *See* Fed. R. Civ. P. 33(d)(1) (allowing a party to reference business records to answer an interrogatory, but requiring "sufficient detail to enable the interrogating party to locate and identify [the records] as readily as the responding party could").  Moreover, Defendants may not rely on a third party's records to respond to an interrogatory.  *See* Fed. R. Civ. P. 33(d) (providing that a party may respond to an interrogatory by specifying "*a party's* business records" to be reviewed) (emphasis added); *Pulsecard, Inc. v. Discover Card Services, Inc.*, 1996 WL 397567, at *4 (D. Kan. 1996) ("[A party] may not use Rule 33(d), of course, if the … documents are not its own business records.").  Therefore, the Court finds that Defendants' reliance on Rule 33(d) in response to Plaintiff's interrogatories is improper and Defendants shall revise their answers in compliance with Rule 33.

IV.    **Conclusion**

For the foregoing reasons, the Court finds that Defendants have failed to timely and fully respond to Plaintiff's discovery requests.  The Court will require Defendants to provide supplemental responses to all disputed RFPs and Interrogatories in compliance with Rules 33 and 34, including Rule 33(b)(5)'s signature requirement.  Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections.").  The Court notes that Defendants have proposed a rolling production, which Plaintiff does not appear to oppose.  Nevertheless, Plaintiff asks for immediate production of the two sets of discovery that Defendants promised and failed to produce by November 24, 2021 and January 10, 2022.  Therefore, the Court will order that within fifteen days, Defendants shall: (1) provide complete responses to RFP Nos. 13, 17-20, and 22-23, and Interrogatories 2-4, and 9; and (2) shall provide responses to RFP Nos. 8 and 10, and Interrogatories 1, 5, 7-8, and 11-12, limited to thirty-five developments from January 2010 to January 2020.  Defendants shall fully respond to all remaining discovery requests, as set forth above, within thirty days.  The parties may agree to a rolling production within these deadlines.

The Court further notes that under Rule 37(a)(5), when a motion to compel is granted or discovery is provided after the motion is filed, the party whose conduct necessitated the motion, after having an opportunity to be heard, must pay the moving party's reasonable expenses incurred in making the motion.  Here, however, Plaintiff did not ask the Court to award her expenses, so Defendants have not had an opportunity to be heard on the issue.  The Court will not award expenses at this time but will consider a motion for expenses relating to this Motion to Compel if Plaintiff chooses to file one.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel, (Doc. 60), is GRANTED.  Defendants shall provide supplemental interrogatory responses and produce documents as follows:

1. **No later than fifteen days after the entry of this Order**, Defendants shall provide complete responses to RFP Nos. 13, 17-20, and 22-23, and Interrogatories 2-4, and 9;

2. **No later than fifteen days after the entry of this Order**, Defendants shall provide responses to RFP Nos. 8 and 10, and Interrogatories 1, 5, 7-8, and 11-12, limited to documents on thirty-five developments from January 2010 to January 2020; and

3. **No later than thirty days after the entry of this Order**, Defendants shall fully respond to all remaining discovery requests, as set forth above.

IT IS SO ORDERED.

_____

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE