IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, ex rel.
MARGARET MCGUINN,

      Plaintiff,

v.                                                                                         No. 2:20-cv-31 KG/KRS

THE J.L. GRAY COMPANY, et al.,

      Defendants.

## ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART PLAINTIFF'S MOTION FOR SANCTIONS (DOC. 74)

THIS MATTER is before the Court on Plaintiff's Motion for Sanctions, filed June 6, 2022. (Doc. 74). Defendants filed a response to the motion on June 21, 2022, and Plaintiff filed a reply on July 5, 2022. (Docs. 77 and 79). Having reviewed the parties' briefing, the record of the case, and relevant law, the Court finds that the Motion for Sanctions should be granted in part and denied without prejudice in part, as set forth below.

    I.    **Background**

Plaintiff alleges that Defendants, who are the owners, managers, or developers of buildings in New Mexico, Colorado, Texas, Utah, and Arizona, made false claims in order to secure funding from the U.S. Department of Agriculture Rural Development program ("USDA/RD"). (Doc. 60) at 2. Specifically, Plaintiff claims that Defendants violated the False Claims Act by falsely certifying that they were in compliance with Section 504 of the Rehabilitation Act, the Fair Housing Act, and the Americans with Disabilities Act, in order to receive USDA/RD funding for the construction of apartment buildings and for rental subsidies. *Id.* at 2-4.

On March 24, 2022, the Court granted Plaintiff's Motion to Compel, (Doc. 60), and ordered Defendants to provide responses to Plaintiff's discovery requests by April 8, 2022. (Doc. 67). In her Motion for Sanctions, Plaintiff states that as of April 8, she had only received partial document productions from Defendant amounting to 825 documents. (Doc. 74) at 2. Plaintiff states she and Defendants agreed to an extension to May 9, 2022 for Defendants to fully comply with the Court's Order. *Id.* at 3. Plaintiff also requested that Defendants re-produce all documents with bates stamps. *Id.* The parties then agreed to a further extension to May 16, 2022, and filed an unopposed motion to extend the pretrial deadlines. *Id.*

Plaintiff states that Defendants' document productions on May 13, 16, and 19 did not conform with the parties' protocol for production of electronically stored information, in that Defendants produced single PDF files with thousands of pages and no metadata. *Id.* at 4 (citing the parties' Protective Order, Doc. 53). As of June 6, 2022, the date Plaintiff filed her Motion for Sanctions, Defendants had not produced the documents in an acceptable format. *Id.* at 5. Plaintiff moves for sanctions consisting of a daily fine until the document production is complete, costs and fees for having to bring this motion, and entry of six factual findings. *Id.* at 9-13.

In response, Defendants explain that they have been using a rolling production in order to get documents to Plaintiff more quickly. (Doc. 77) at 1-2. Defendants state they produced documents on March 11, March 21, March 25, April 1, April 7, April 8, May 4, May 12, May 13, and May 20, 2022. *Id.* at 2. Defendants further state they re-did the first production by retaining an outside e-discovery vendor to make electronic conversions from PDF files and to bates number the then-converted files. Nevertheless, Defendants argue the initial production in PDF format was accessible and reviewable. *Id.* Defendants state that their retained vendor has

expedited the production, which was completed with productions on June 9, 13, and 14, and Defendants state they have now produced more than 28,000 documents. *Id.* at 2-3. A quality control check and supplementation were underway at the time Defendants filed their response brief, and Defendants state they have not withheld any documents on any basis, including privilege. *Id.* at 3. Defendants argue that sanctions are not warranted, except for reasonable fees and costs associated with the Motion for Sanctions. *Id.* at 4. Defendants contend the circumstances here are not sufficiently egregious for entry of factual findings, especially because Plaintiff has been able to plead and litigate her case despite the discovery delays. *Id.* at 4-5.

In her reply, Plaintiff maintains that entry of factual findings is justified as sanctions for Defendant's delays in complying with its discovery obligations. (Doc. 79). Plaintiff argues that factual findings are warranted because the findings Plaintiff seeks are not dispositive of all of the elements of Plaintiff's claims or all of the properties at issue. *Id.* at 2. Plaintiff further argues that she has been prejudiced by Defendants' delays because she has had less time to review the documents and assess her claims. *Id.* at 3-4.

II.  **Legal Standard**

The Federal Rules of Civil Procedure authorize a district court to impose sanctions, including the imposition of an adverse judgment, for a party's failure to comply with court orders and discovery requirements set by local and federal rules. Specifically, Rule 37(b) provides that, if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)," the Court may impose sanctions including the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

>   (iii) striking pleadings in whole or in part;
>   (iv) staying further proceedings until the order is obeyed;
>   (v) dismissing the action or proceeding in whole or in part;
>   (vi) rendering a default judgment against the disobedient party; or
>   (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). In addition, Rule 37(c) provides that, if a party fails to disclose or supplement information as required by Rule 26(a) or (e), "the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court may impose other sanctions including "payment of the reasonable expenses, including attorney's fees, caused by the failure;" "inform[ing] the jury of the party's failure;" or the sanctions listed above in Rule 37(b)(2)(A)(i)-(vi). *See* Fed. R. Civ. P. 37(c)(1)(A)-(C).

In *Ehrenhaus v. Reynolds*, the Tenth Circuit identified five factors that a district court should consider in deciding whether to exercise its discretion to enter sanctions under Rule 37(b)(2): (1) the degree of actual prejudice caused by the disobedient party; (2) the amount of interference with the judicial process; (3) the culpability of the party against whom sanctions are sought; (4) whether the court warned the party in advance that a default judgment would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions. 965 F.2d 916, 921 (10th Cir. 1992). Ultimately, "the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery." 965 F.2d at 920.

**III.   Discussion**

The Court finds that the *Ehrenhaus* factors do not weigh in favor of awarding sanctions in the form of entry of factual findings. First, while Defendants' delays in producing documents have certainly affected the deadlines in this case, those deadlines have been extended to accommodate Defendants' document production and Plaintiff does not explain with any

specificity how she has been prejudiced by the delay. The discovery deadline has been extended to October 3, 2022 and no trial has been set. Plaintiff states the delays in production affect her ability to evaluate the case for settlement, but the settlement conference is set for September 27, 2022 and Plaintiff has not asked for it to be postponed. Absent any specific allegation of how she was prejudiced, the Court finds the first *Ehrenhaus* factor does not weigh in favor of entering factual findings.

Second, the production delays have not significantly interfered with the judicial process as the parties have only sought one extension of their pretrial deadlines and the delays have not interfered with a trial setting or the settlement conference date. Third, Defendants' culpability is not sufficient to warrant entry of factual findings. The Court is sympathetic to Plaintiff's argument that Defendants missed the Court's deadline to complete document production as well as multiple extensions that Plaintiff agreed to. Nevertheless, Defendants' culpability is lessened by their efforts to fully comply with the Court's Order by providing a rolling production to get documents to Plaintiff more quickly, and by hiring a vendor for electronic conversions and bates numbering. Plaintiff does not allege the document production is still incomplete, and Defendants stated they were doing a quality control check and supplementation as of the date they filed their response to the Motion for Sanctions. The Court finds that Defendants' actions have sufficiently lessened their culpability, especially given the large number of documents they have produced. Finally, the fourth and fifth factors do not weigh in favor of entry of factual findings because the Court has not warned Defendants of the likelihood of this sanction, and the Court finds that a lesser sanction may be effective.

For these reasons, the Court finds that the *Ehrenhaus* factors do not weigh in favor of entry of factual findings at this time. Moreover, the cases relied on by Plaintiff where factual

findings were entered as sanctions do not mandate a different outcome. In those cases, the parties sought discrete factual findings that were linked to the discovery that was not produced, whereas here Plaintiff seeks broad findings covering 35 different properties. Therefore, the Court will deny Plaintiff's Motion for Sanctions as to Plaintiff's request for entry of factual findings. Because it appears Defendants have produced all relevant documents, subject to quality control and supplementation, the Court also denies Plaintiff's request for sanctions in the form of a daily fine. To the extent additional relief may be warranted in the future, the Court will deny Plaintiff's request for entry of factual findings and a daily fine without prejudice. The Court will, however, grant Plaintiff's request for sanctions as to her reasonable fees and costs associated with bringing the Motion for Sanctions.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Sanctions, (Doc. 74), is GRANTED in part and DENIED without prejudice in part, as set forth above.

IT IS FURTHER ORDERED that Plaintiff is awarded reasonable attorney's fees and costs incurred in connection with preparing and litigating the Motion for Sanctions. **Within fourteen (14) days from entry of this Order**, Plaintiff shall file an affidavit outlining and itemizing the fees and costs. Defendants will have fourteen (14) days after Plaintiff's filing of the affidavit to file objections to the requested fees and costs.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE